# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 9:06-CR-13 |
| | § | |
| STEVEN MOORE | § | |

## REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed April 30, 2012, alleging that the Defendant, Steven Moore, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

The Defendant was sentenced on March 28, 2007, before the Honorable Thad Heartfield, United States District Judge for the Eastern District of Texas, after pleading guilty to the offense of possession of child pornography, a Class C felony. The offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of I, was 57 to 71 months. The Defendant was sentenced to 57 months' imprisonment, followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include: sex offender registration; sex offender

counseling; mental health aftercare; no unsupervised contact with minors; pornography restriction; authorized search; electronics restriction; and a $100 special assessment.

## II. The Period of Supervision

The Defendant completed his period of imprisonment on May 17, 2011 and began his term of supervised release. One December 13, 2011, the Defendant's conditions of supervised release were modified requiring the Defendant to reside in a residential reentry center or similar facility, in the community corrections component for a period of 180 days. On September 11, 2011, the Defendant's conditions were again modified requiring that the Defendant: 1) not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with internet capability; laptop computers; ipods; personal digital assistants; portable storage devices such as thumb drives and flash memory; or any other type of portable electronic device that is capable of communicating via modem, wireless, or dedicated connection; 2) refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment; and 3) not frequent any location or activity where minors under the age of 19 congregate without the permission of the Court or U.S. Probation Officer.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision on April 30, 2012 alleging one violation - the Defendant failed to observe the rules of the residential reentry center he was attending and was discharged from the center without successfully completing his term of community confinement.

## IV. Proceedings

On May 31, 2012, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the first and only allegation, which asserted that he violated a special condition of supervised release, to wit: "The Defendant shall reside in a residential reentry center or similar facility, in the community corrections component, for a period of 180 days. The Defendant shall observe the rules of that facility to include paying subsistence. The Defendant shall report to this facility as directed by the United States Probation Office." The Petition alleges, "On April 26, 2012, the case management staff at Leidel Residential Re-Entry Center completed an incident report on Steven Moore. The incident report indicated Steven Moore was found in possession of unauthorized food items and a knife. On April 30, 2012, Steven Moore was unsuccessfully terminated from Leidel Residential Re-Entry Center."

The undersigned recommends that the Court revoke the Defendant's supervised release and impose a sentence of six (6) months' imprisonment, and a one (1) year term of supervised release to be imposed after release with the first 180 days of supervised release to be served in a residential reentry center. Such term of supervised release shall include the forty-nine (49) days of unserved community confinement.

## V. Principles of Analysis

If the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant

violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3). The original offense of conviction was a Class C felony; therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that the Defendant violated a condition of supervision by being unsuccessfully discharged from Leidel Residential Re-Entry Center on April 30, 2012, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. In the case of revocation of supervised release based on a Grade C violation and a criminal history category of I, the guideline imprisonment range is 3 to 9 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment is at least one month but not more than six months, the minimum term may be satisfied by: (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

In addition, U.S.S.G. § 7B1.3(d) states that any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be

ordered to be paid or served. The Defendant currently has 49 days of unserved community confinement.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the allegation that he violated his conditions of supervised release by failing to observe the rules of the residential reentry center he was attending and being discharged from the center without successfully completing his term of community confinement. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is I. Policy guidelines suggest 3 to 9 months' imprisonment. The Defendant did not comply with the conditions of his supervision, and he has demonstrated an unwillingness to adhere to conditions of supervision by failing to observe the rules of the residential reentry center he was attending and was discharged from the center without successfully completing his term of community confinement. As such, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a sentence of six (6) months' imprisonment.

Furthermore, according to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the Defendant is required to serve a term of imprisonment, the court may include a requirement that the Defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. Under U.S.S.G. § 7B1.3(g)(2), where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment that can be imposed upon revocation, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The undersigned recommends a one (1) year term of supervised release to be imposed after release with the first 180 days of supervised release to be served in a residential reentry center. Such term of supervised release shall include the forty-nine (49) days of unserved community confinement.

## VII. Recommendations

1. The court should find that the Defendant violated a special condition of supervised release by failing to observe the rules of the residential reentry center he was attending and being discharged from the center without successfully completing his term of community confinement.

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3. The Defendant should be sentenced to a term of imprisonment of six (6) months, and upon release, a one (1) year term of supervised release with the first 180 days of supervised release to be served in a residential reentry center. The Defendant's forty-nine (49) days of unserved community confinement is included in this term of supervised release.

4. The court should recommend that the Defendant be incarcerated in the Seagoville Federal Correctional Institution of the Federal Bureau of Prisons if deemed appropriate by the Bureau of Prisons.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 4th day of June, 2012.

Zack Hawthorn
United States Magistrate Judge